MEMORANDUM OF DECISION ON DEFENDANT’S MOTION TO DISMISS
GUERNSEY, Chief Judge.
The Plaintiff, whose gaming license was revoked after a hearing, has appealed such revocation to the Gaming Disputes Trial Court pursuant to MTO 2002-13. The Defendant, Office of Regulation, initially moved to dismiss on grounds that the appeal was not timely filed pursuant to MTO 2002-13 Section 3(c) in that it was not filed “with the Clerk of the Gaming Disputes Court within twenty days after mailing of the final decision by the agency .. .’’. without, however, complying with MTO 2002-13 Section (g) by submitting to the Gaming Disputes Court “a certified copy of the entire record of the proceeding appealed from”. MTO 2002-13 Section 3(g). As a result, there was no record from which this Court could determine the timeliness of Plaintiffs appeal.[1]
The Defendant has now filed a partial record[2] which is sufficient to establish that the hearing took place on June 17, 2004, and the Decision of the Hearing Officer was issued on June 22, 2004. The Defendant also submitted an Affidavit of Mailing from Ms. Kim Baker, Executive Secretary to the Director of Regulation, establishing that the date of mailing of the decision was June 22, 2004.
The limited waiver of sovereign immunity contained in MTO 2002-13, like all waivers of sovereign immunity, is to be strictly construed:
By adoption of the Ordinance, the Tribe and the Mohegan Tribal Gaming Authority hereby consent to be sued in the Mohegan Gaming Disputes Court in civil actions for relief as is expressly provided for pursuant to this Ordinance. This consent to suit is strictly limited as provided in this Section... .No other private right of action by any person shall be deemed created by this Ordinance. The Mohegan Gaming Disputes Court shall be the exclusive judicial forum vested with subject matter jurisdiction to adjudicate appeals brought pursuant to this Ordinance.
Time limitations set forth in limited waivers of sovereign immunity are jurisdictional and nonwaivable. Long v. Mohegan Tribal Gaming Authority, Et Al., 1 G.D.R. 5, 8, 1 Am. Tribal Law 385, 390-91, 1997 WL 34678573 (1997).
The conclusion is therefore inescapable that the Plaintiffs appeal was filed with the Clerk of the Gaming Court well beyond the twenty day period mandated by MTO 2002-13 Section 3(c)[3]. The Defendant’s Motion to Dismiss must be granted.
*515 Nevertheless, one additional consideration should be addressed, even though it wall not affect the outcome of this particular case. It appears that, after receipt of the June 22, 2004 letter of enclosure from John B. Meskill, Director of the Mohegan Tribal Gaming Commission, the Plaintiff wrote back to Mr. Meskill and to “The Tribal Gaming Disputes Court” what she obviously thought constituted an exercise of the right of appeal mentioned in his letter.[4]
An examination of Mr. Meskill’s letter-reveals that the Plaintiff was informed of the following:
Enclosed please find the Notice of Decision rendered as a result of your Hearing held on June 17, 0204.
The decision is self-explanatory. Please be advised that should you desire to appeal this Decision to the Tribal Gaming Disputes Court, you may do so via written appeal, directed to the Court with a copy of the appeal provided to the Gaming Commission. Your request must be filed within twenty (20) days from the date on which this decision was mailed. Please be advised that the appeal shall be confined to the criteria set forth in Tribal Gaming Ordinance 2002-1.3, available at the Tribal Gaming Disputes Court office. For additional information, you may call the Tribal Gaming Disputes Court at (860) 862-6155.
The terms of MTO 2002-13 regarding the timely filing of the appeal with the Clerk of the Gaming Disputes Court are certainly obscured by this letter, which informed the Plaintiff that “your request must be filed within twenty (20) days from The date on which this decision was mailed” (emphasis added), implying the existence of a procedure similar to the informal request that Plaintiff had used to obtain the Hearing from which the appeal is taken, rather than the formal filing of a civil action. The letter further misstates the procedure for filing the appeal (“directed to the Court with a copy to the Gaming Commission”)[5]
As previously noted, the issue of the adequacy of this notice, or what notice of the right of appeal (if any) is required under Mohegan law', is not before this Court, and will be addressed if it properly arises in a future case.

. This procedure was specifically allowed In the Court in order to expedite a ruling on die jurisdictional issues.

. The last day for the filing of an appeal of 1 he June 22, 2004 Decision would have been July 12, 2004, and Plaintiffs appeal was filed with the Clerk on August 13, 2004.

. Even if this letter had been formally and properly filed with the Gaming Disputes Trial : Court, it was not within the twenty day appeal f period.

. MTO 2002-13 does not require the Plaintiff to serve the agency that rendered the final decision. MTO 2002-13 Section 3(c). This is done by the Clerk of the Gaming Disputes Court. "MTO 2002-13 Section 3(d).