*221 RULING ON MOTION TO DISMISS
MANFREDI, J.

BACKGROUND

This matter was commenced by the Plaintiff filing a pro se Writ, Summons, and Complaint with the Gaming Disputes Trial Court on October 10, 2008. It is an appeal from a final decision of the Director of Regulations which was heard on May 28, 2008. A copy of the final notice of decision was mailed to the Plaintiff, Ray A. Rivas, at 495 Laurel Hill Road, Norwich, Connecticut on August 5, 2008. See Exhibit 6. It was mailed certified mail, but was never picked up.
According to the Exhibits attached to the Motion to Dismiss, the Notice was tendered for delivery by the Post Office on August 6 th, August 11th, and August 21, 2008, but never picked up.
At the hearing on this matter before the Court on December 9, 2008, the Plaintiff, Mr. Rivas, indicated to the court that he had seen the notices, but had never picked up the mail associated with them.
The Defendant filed a motion to dismiss the complaint on October 28, 2008.
The basis for the motion to dismiss was the fact that the eomplaint was not filed within twenty days after the mailing of the final agency decision as required by Section 3-224(c) of the Mohegan Tribe of Indians Code which states:
“A civil action under this Article shall be brought by filing an appeal with the Clerk of the Court within twenty (20) days after the mailing of the final decision by the agency ... Failure to make such service within twenty (20) days on parties other than the Agency that rendered the final decision shall not deprive the Court of jurisdiction over the appeal.”
No other party is involved in this appeal and sendee on the agency Defendant was made at best approximately fifty days following tender of service by the Post Office of the agency’s final decision.
As noted by Chief Judge Guernsey in Hu v. Office of the Director of the Regulation, 2 G.D.R. 112, 6 Am. Tribal Law 513 (2005):
“Time limitation set forth in limited waivers of sovereign immunity are jurisdictional and non-waiverable. Long v. Mohegan Tribal Gaming Authority, et al., 1 G.D.R. 5, 8, 1 Am. Tribal Law 385 (1997). The conclusion is therefore inescapable that the Plaintiffs appeal was filed with the clerk of the Gaming Disputes Court well beyond the twenty (20) day period mandated by MTO 2002-13 Section 3(c)*note 3. The Defendant’s Motion to Dismiss must be granted.”
MTO 2002-13 is the predecessor to Section 3-223 et seq. of the Mohegan Tribe of Indians Code and contains virtually identical language.
As in the Hu case, it is more than clear that the Plaintiffs appeal was filed well beyond the twenty day period and therefore, in this case as in Hu, the Defendant’s Motion to Dismiss must be granted.